15-2609-cv
*Mehmeti v. Jofaz Transp., Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
               CHESTER J. STRAUB,
               RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

SUBI MEHMETI,

        *Plaintiff-Appellant,*

        v.                                No. 15-2609-cv

JOFAZ TRANSPORTATION, INC.,

        *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:         STEWART LEE KARLIN, Stewart Lee Karlin Law Group, PC, New York, NY.

FOR DEFENDANT-APPELLEE:         JAMIE S. FELSEN (Joseph M. Labuda, *on the brief*), Milman Labuda Law Group PLLC, Lake Success, NY.

Appeal from the May 26, 2015 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Subi Mehmeti ("Mehmeti") appeals from the District Court's May 26, 2015 grant of summary judgment to defendant-appellee Jofaz Transportation, Inc. ("Jofaz"). *See Mehmeti v. Jofaz Transp., Inc.*, No. 12-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015).

In Mehmeti's complaint, he alleged that Jofaz violated the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–101 *et seq.*, when it fired him from his job as a bus driver. *See Mehmeti*, 2015 WL 2453499, at *1. The District Court granted summary judgment to Jofaz on Mehmeti's FMLA claim, finding that "nothing in the record suggest[ed] . . . Mehmeti suffered from a serious health condition and was unable to perform the functions of his job," and declined to exercise supplemental jurisdiction over Mehmeti's state-law claims. *Id.* at *2–3 (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review an award of summary judgment *de novo*, and will affirm if[,] viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact." *Schoenefeld v. Schneiderman*, —F.3d—, 2016 WL 1612845, at *3 (2d Cir. Apr. 22, 2016) (internal quotation marks omitted). Additionally, "we are entitled to affirm the judgment on any basis that is supported by the record." *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015). Upon independent review of the record and relevant law, we affirm the District Court's judgment on an alternative ground.

"[T]o prevail on a claim of interference with [his] FMLA rights, [Mehmeti] must establish: 1) that [he] is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that [he] was entitled to take leave under the FMLA; 4) that [he] gave notice to the defendant of [his] intention to take leave; and 5) that [he] was denied benefits to which [he] was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, —F.3d—, 2016 WL 1055742, at *6 (2d Cir. Mar. 17, 2016). Mehmeti is unable to satisfy the fourth element—that he gave notice to Jofaz of his intention to take leave.

If an employee's need for FMLA leave is "unforeseeable," the notice requirement is "relaxed" and a practical standard applies: an employee must provide notice to the employer "as soon as practicable" when "consider[ing] all of the facts and circumstances of the situation." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 161–62 (2d Cir. 2011) (internal quotation marks omitted) (citing 29 C.F.R. § 825.303(a)); *accord White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1195–96 (11th Cir. 2015). Here, the record makes clear that, under the facts and circumstances of this particular case, Mehmeti failed to provide notice to Jofaz as soon as it was practicable.

According to Mehmeti, during the approximately two-and-a-half hours between when he decided to park his bus at P.S. 259 and when he notified Jofaz of his medical condition, he filled the tank of his bus with gas and called his son to ask for a ride to the family doctor. *See* A-33; A-61–64; Pl.'s Br. 5–6. Mehmeti has not offered, nor does the record disclose, any reason why it was practicable for him to take these actions, but not practicable for him to apprise Jofaz of his situation. As such, he cannot prevail on his FMLA interference claim. *See Brennerman v. MedCentral Health Sys.*, 366 F.3d 412, 425 (6th Cir. 2004) (suggesting that it is practicable for an employee to provide notice to his employer as soon as he is "physically able" to do so); *Norton v. LTCH*, No. 13-CV-13730, 2014 WL 4473339, at *8 (E.D. Mich. Sept. 9, 2014) (holding that the plaintiff did not provide notice to her employer as soon as practicable because she waited to do so until after she arrived at work, even though she had been "experiencing symptoms at home and knew those symptoms [might have] affect[ed] her arrival time"), *aff'd*, 620 F. App'x 408 (6th Cir. 2015); *Allen v. STHS Heart, LLC*, No. 3:09-0455, 2010 WL 2133901, at *8 (M.D. Tenn. May 21, 2010) (holding that the plaintiff did not provide notice to her employer as soon as practicable because she waited "until she arrived at work to notify her supervisor of her condition," and reasoning that "if she was physically able to drive, she was physically able to place a phone call before leaving the house").

## CONCLUSION

We have considered all of Mehmeti's arguments on appeal and found them to be without merit. Accordingly, the May 26, 2015 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3