24-3258-cv
*Mehmeti v. Jofaz Transp., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-six.

PRESENT:
> **ROBERT D. SACK**
> **MYRNA PÉREZ,**
> > *Circuit Judges*,
> **LORETTA A. PRESKA**
> > *District Judge.* [*]

_____

**Subi Mehmeti,**

> *Plaintiff-Appellant*,

> v.                                                                24-3258

**Jofaz Transportation Inc.,**

> *Defendant-Appellee.*

_____

[*] Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    SUBI MEHMETI, pro se,
                                            Brooklyn, NY.


FOR DEFENDANT-APPELLEE:                      JAMIE S. FELSEN, Milman
                                             Labuda Law Group PLLC,
                                             Lake Success, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court, entered on November 27, 2024, is **AFFIRMED**.

Subi Mehmeti, proceeding pro se, appeals from the District Court's denial of his second motion for reconsideration.   In 2012, Mehmeti—through counsel—commenced this action against Jofaz Transportation, Inc. ("Jofaz"), alleging that Jofaz unlawfully terminated his employment.   In 2015, the District Court granted Jofaz's motion for summary judgment, *Mehmeti v. Jofaz Transp., Inc.*, No. 12-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015), and denied reconsideration.   This Court affirmed the District Court's judgment.   *Mehmeti v. Jofaz Transp., Inc.*, 649 F. App'x 112 (2d Cir. 2016). Mehmeti went on to file numerous pro se actions against Jofaz and his former attorneys. All of Mehmeti's appeals in those actions were dismissed as frivolous.   More than nine years after the judgment in this action, Mehmeti—now proceeding pro se—filed a second motion for reconsideration.   The District Court denied the motion.   We assume the

parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Standard of Review

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion." *Mandala v. NIT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). "Under this standard, we must affirm the . . . denial of vacatur, unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001)).

## II. Discussion

The District Court did not abuse its discretion in denying Mehmeti's second motion for reconsideration. The motion—filed more than nine years after judgment—was not filed within a year of judgment or otherwise "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). The motion was also meritless. Mehmeti failed to identify any circumstance warranting relief from the judgment.

Mehmeti also requests mandamus relief, asking this Court to compel reconsideration. But he cannot use mandamus as a substitute for appeal. *See Cheney v.*

3

*U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).   Mehmeti has appealed the denial of reconsideration, and his appeal lacks merit.   We deny Mehmeti's motion seeking a writ of mandamus.

As this is Mehmeti's fifth frivolous appeal relating to his 2012 termination or his attorneys' representation challenging that termination, and he has been warned that if he continues to file similar appeals, *see Mehmeti v. Karlin*, 21–2810, 2022 WL 1462295, at *1 (2d Cir. Mar. 10, 2022), he might be subject to filing restrictions, Mehmeti is hereby ORDERED to show cause within 30 days why he should not be required to seek leave of this Court before filing any appeals or other documents.   Failure to file a timely response will result in the imposition of a leave-to-file sanction.

III.     **Conclusion**

We have considered Mehmeti's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the District Court, entered on November 27, 2024.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4